IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10013
Summary Calendar
_____

ROBERT EDWARD BRATTAIN,

                                        Plaintiff-Appellant,

versus

JIM SPURGER, Detective;
PAMELA BENSON, Judge;
CITY OF BALCH SPRINGS TEXAS;
CITY OF HUTCHINS TEXAS,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-1275-X
- - - - - - - - - -
October 16, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Robert Edward Brattain, Texas prisoner #603113, appeals the

district court's dismissal of his 42 U.S.C. § 1983 complaint.

Our review of the record and the arguments and the authorities

convinces us that no reversible error was committed.  Defendant

Jim Spurger was entitled to summary judgment as a matter of law

on Brattain's unlawful-arrest claim.  See Taylor v. Gregg, 36

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

F.3d 453, 456 (5th Cir. 1994). The district court did not err, plainly or otherwise, in not holding an evidentiary hearing prior to granting summary judgment. See Robertson v. Plano City of Tex., 70 F.3d 21, 23 (5th Cir. 1995). Furthermore, Brattain has abandoned his contentions that the district court erred in denying his motion for appointment of counsel and in refusing to appoint an expert witness by failing to brief these issues adequately on appeal. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Even were we to consider his contentions we would find them to be without merit. Finally, the district court did not commit error, plain or otherwise, in dismissing Brattain's claim against the City of Balch Springs as frivolous. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1420 (5th Cir. 1996)(en banc).

AFFIRMED.